Mr. Chris H. Stewart Stewart Law Firm 1020 West 4th Street, Suite 400 Little Rock, Arkansas 72201
Dear Mr. Stewart:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the popular name and ballot title for a proposed constitutional amendment. Your client, Secure Arkansas, has previously submitted similar measures which were rejected due to ambiguities in the texts of the proposed measures.See Ops. Att'y Gen. 2008-072 and 2008-056. On May 7, 2008, this office certified the third submission from Secure Arkansas, as evidenced by Op. Att'y Gen. 2008-084.
You have now submitted the following proposed popular name and ballot title for a similar measure:
 Popular Name AN AMENDMENT TO PREVENT PERSONS UNLAWFULLY PRESENT IN THE UNITED STATES FROM RECEIVING CERTAIN PUBLIC BENEFITS
 Ballot Title AN AMENDMENT REQUIRING STATE AGENCIES, COUNTIES, CITIES, AND OTHER LOCAL UNITS OF GOVERNMENT TO VERIFY THE LAWFUL PRESENCE IN THE UNITED STATES OF ANY PERSON FOURTEEN (14) YEARS OF AGE OR OLDER WHO HAS APPLIED FOR *Page 2 
CERTAIN FEDERAL, STATE OR LOCAL PUBLIC BENEFITS; PROVIDING THAT PERSONS NOT LAWFULLY PRESENT IN THE UNITED STATES SHALL NOT BE ELIGIBLE ON THE BASIS OF RESIDENCE WITHIN ARKANSAS FOR ANY POSTSECONDARY EDUCATION BENEFIT, INCLUDING SCHOLARSHIPS, FINANCIAL AID, AND RESIDENT TUITION; PROHIBITING THE INITIAL REGISTRATION OR TITLING OF A VEHICLE UNLESS THE APPLICANT PRESENTS A VALID ARKANSAS DRIVERS LICENSE OR AN ARKANSAS IDENTIFICATION CARD; REQUIRING AN APPLICANT FOR A STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT ADMINISTERED BY A STATE AGENCY OR POLITICAL SUBDIVISION TO AFFIRM UNDER PENALTY OF PERJURY THAT HE OR SHE IS A UNITED STATES CITIZEN OR A QUALIFIED ALIEN; DEFINING QUALIFIED ALIEN CONSISTENT WITH FEDERAL LAW TO MEAN AN ALIEN WHO IS LAWFULLY ADMITTED FOR PERMANENT RESIDENCE UNDER THE FEDERAL IMMIGRATION AND NATIONALITY ACT OR WHO OTHERWISE MEETS ONE OF THE CRITERIA IN 8 U.S.C. 1641(b) AS IT EXISTED ON JANUARY 1, 2009; DEFINING FEDERAL PUBLIC BENEFIT AND STATE OR LOCAL PUBLIC BENEFIT TO MEAN THE SAME AS DEFINED IN FEDERAL LAW AS IT EXISTED ON JANUARY 1, 2009, WHICH INCLUDES GRANTS, CONTRACTS, LOANS, PROFESSIONAL AND COMMERCIAL LICENSES, AND PAYMENTS OR ASSISTANCE FOR CERTAIN BENEFITS INCLUDING RETIREMENT, WELFARE, HEALTH, DISABILITY, HOUSING, POSTSECONDARY EDUCATION, FOOD ASSISTANCE, OR UNEMPLOYMENT; BUT EXCLUDING PROFESSIONAL LICENSES AND THE RENEWAL OF BUSINESS LICENSES FROM THE DEFINITION OF STATE OR LOCAL PUBLIC BENEFIT; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR ANY PURPOSE FOR WHICH LAWFUL PRESENCE IN THE UNITED STATES IS NOT RESTRICTED BY LAW, ORDINANCE, OR REGULATION TO OBTAIN A *Page 3 
STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT THAT IS ADMINISTERED BY A STATE AGENCY OR POLITICAL SUBDIVISION; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR EMERGENCY MEDICAID, FOR SHORT-TERM, IN-KIND EMERGENCY DISASTER RELIEF, FOR PUBLIC HEALTH ASSISTANCE FOR IMMUNIZATIONS AND TESTING AND TREATMENT OF COMMUNICABLE DISEASE SYMPTOMS, OR FOR PROGRAMS THAT DELIVER IN-KIND SERVICES AT THE COMMUNITY LEVEL WITHOUT REGARD TO THE RECIPIENT'S INCOME AND THAT ARE NECESSARY FOR THE PROTECTION OF LIFE OR SAFETY; SUBJECTING ANY PERSON WHO KNOWINGLY FALSIFIES AN AFFIDAVIT TO CRIMINAL PENALTIES FOR FRAUDULENTLY OBTAINING PUBLIC BENEFITS; REQUIRING THE STATE AGENCY OR POLITICAL SUBDIVISION ADMINISTERING PUBLIC BENEFITS TO FILE A COMPLAINT WITH UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT IF AN AFFIDAVIT CONSTITUTES A FALSE CLAIM OF UNITED STATES CITIZENSHIP OR QUALIFIED ALIEN STATUS; REQUIRING EACH SUCH STATE AGENCY AND POLITICAL SUBDIVISION TO DOCUMENT THE TYPES AND DOLLAR AMOUNT OF BENEFITS PROVIDED TO PERSONS WHO ARE FOUND TO BE PRESENT IN THE UNITED STATES UNLAWFULLY AND TO FILE ANNUAL REPORTS WITH THE GENERAL ASSEMBLY.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certificationnor rejection of a popular name and ballot title reflects myview *Page 4 of the merits of the proposal. This Office has beengiven no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law."Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669 (2000);Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996); andPlugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensurethat the popular name and ballot title honestly, intelligibly, andfairly set forth the purpose of the proposed amendment or act.See Arkansas Women's Political Caucus v. Riviere,283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v.Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v.McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); *Page 5 Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial.Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that theballot title and popular name are sufficient as submitted. They aretherefore hereby approved as submitted.
As a final note regarding your proposed constitutional amendment, I should draw your attention to the fact that the "TEXT" of your proposal as submitted to my office appears to include a so-called "enacting clause," wherein it states: "Be it enacted by the people of the State of Arkansas." While the Arkansas Constitution requires the inclusion of an enacting clause for "bills" initiated by the people, there is no such requirement forconstitutional amendments so initiated. SeeUnited States Term Limits, Inc. v. Hill,316 Ark. 251, 262, 872 S.W.2d 349 (1994) (discussing the requirements under Amendment 7 to the Arkansas Constitution (now codified at Ark. Const. art. 5, § 1)).
The inclusion of such a clause in an initiated constitutional amendment could therefore be confusing to the voters. I note, however, that your submission to this office does not appear to be in its final "petition" format. It may be your intention to remove this enacting clause when the language of your proposed initiated amendment is incorporated into a formal petition. *Page 6 
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN MCDANIEL Attorney General